IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                                                   PLAINTIFF

v.                                        Civil No. 4:21-cv-04043

PROSECUTING ATTORNEY CHARLES BLACK;
PROSECUTING ATTORNEY CONNIE MITCHELLE;
PUBLIC DEFENDER DAVID COTTON; PUBLIC
DEFENDER CONNOR HERROLD; and PUBLIC
DEFENDER JOSH POTTER                                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff Timothy Wade Jackson pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

Plaintiff is currently an inmate in the Miller County Detention Center in Texarkana, Arkansas. He filed his Complaint on June 24, 2021. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted on July 26, 2021. (ECF No. 9).[1] Plaintiff states at the time of the alleged incidents he was in jail and still awaiting trial on pending criminal charges. (ECF No. 1, p. 3).

---

[1] Plaintiff previously filed two separate IFP applications without submitting his certificate of inmate account. (ECF Nos. 2, 5).

1

Plaintiff names the following individuals as Defendants in the Complaint: Charles Black and Connie Mitchelle – Deputy Prosecuting Attorneys; and David Cotton, Connor Herrold and Josh Potter – Public Defenders. (ECF No. 1, pp. 2-4). Plaintiff is suing Defendants in both their individual and official capacities. *Id.* at pp. 5-7. He is seeking compensatory and punitive damages. *Id.* at p. 8.

For all of his claims Plaintiff alleges that on April 20, 2021, all Defendants "cause me pain and suffering slandering my name and cause me to lose everything and all thing that I had my job's my clothesing, food my housing and all of my Government Assistance." (ECF No. 1, pp. 5-7). This is the sum total of his factual allegations. He describes his official capacity claim against Defendants as "The Fourteenth Amendment", My fourteenth Amendment was violated", and "Josh Potter my fourteenth Amendment was violated". *Id.* at pp. 6-8.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro*

*se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Defendants Black and Mitchelle

Defendants Black and Mitchelle are identified by Plaintiff as prosecutors in the Eighth Judicial District, Miller County Arkansas.[2] Presumably, they are the prosecutors involved in pursuing the criminal charges against Plaintiff. Plaintiff's claims against these Defendants must be dismissed because as prosecutors they are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Plaintiff fails to allege Defendants Black or Mitchelle engaged in any conduct other than actions taken in connection with their duties as prosecuting attorneys during the judicial phase of Plaintiff's criminal case. Accordingly, Defendants Black and Mitchelle are entitled to absolute immunity and the claims against them should be dismissed with prejudice.

#### B. Defendants Cotton, Herrold, and Potter

Defendants Cotton, Herrold, and Potter are identified by Plaintiff as public defenders who presumably represent or represented Plaintiff during his criminal proceedings. They are not

---

[2] Plaintiff indicates Defendant Black's and Mitchelle's place of employment is the "Chief Deputy Public Defender Office" in Miller County, Arkansas. Black is the Prosecuting Attorney and Mitchelle is a deputy prosecutor with the Eight Judicial District Prosecuting Attorney's Office.

subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendants Cotton, Herrold, and Potter were not acting under color of state law while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendants Cotton, Herrold, or Potter and I recommend all claims be dismissed with prejudice.

## IV.     CONCLUSION

For the reasons stated above, I recommend Plaintiff's claims, both individual and official capacity, against all Defendants be **DISMISSED WITH PREJUDICE**. I also recommend the **dismissal of this case constitute a strike pursuant to 28 U.S.C. § 1915(g).**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 28th day of July, 2021.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE